# EXHIBIT A

# IN THE COURT OF COMMON PLEAS
## FRANKLIN COUNTY, OHIO

| | | |
|---|---|---|
| THOMAS STOUT<br>570 Elmville Road<br>Peebles, Ohio 45660,<br><br>    Plaintiff,<br><br>    v.<br><br>TERRACON CONSULTANTS, INC.<br>800 Morrison Road<br>Columbus, Ohio 43230<br><br><br>  **Serve Also:**<br>  Terracon Consultants, Inc.<br>  c/o Corporation Service Ccompany<br>  3366 Riverside Drive, Suite 103<br>  Upper Arlington, Ohio 43221<br><br>    Defendant. | ))))))))))))))))))))) | CASE NO.<br><br>JUDGE:<br><br><br><br>**COMPLAINT FOR DAMAGES<br>AND INJUNCTIVE RELIEF**<br><br>**JURY DEMAND ENDORSED<br>HEREIN** |

Plaintiff, Thomas Stout, by and through undersigned counsel, as his Complaint against Defendant Terracon Consultants, Inc., states and avers the following:

## PARTIES, VENUE, & JURISDICTION

1. Stout is a resident of Adams County, Ohio.

2. Terracon is a foreign corporation that does business at 800 Morrison Road, Gahanna, Franklin County, Ohio.

3. Terracon is and, at all times herein, was an employer within the meaning of R.C. § 4112.01 *et seq.*

4. All of the material events alleged in this Complaint occurred in Franklin County.

5. Personal jurisdiction is proper over Terracon pursuant to R.C. § 2307.382(A)(1) and (4).

6. Venue is proper pursuant to Civ. R. 3(C)(3) and (6).



7. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

8. Within 300 days of the conduct alleged below, Stout filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2022-03562 against Terracon ("Stout EEOC Charge").

9. Stout dually filed the Stout EEOC Charge with the EEOC and the Ohio Civil Rights Commission.

10. On or about September 28, 2022, the EEOC issued a Notice of Right to Sue letter to Stout regarding the Stout EEOC Charge.

11. Stout received his Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1), which has been attached hereto as Plaintiff's Exhibit A.

12. Stout has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

13. Stout has properly exhausted his administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

14. Stout has properly exhausted his administrative remedies pursuant to R.C. § 4112.052.

## FACTS

15. In or about November 2012, Stout began working for Terracon.

16. Terracon initially employed Stout as a drill line worker.

17. In or about 2020, Terracon promoted Stout to the position of drill line department manager.

18. On or about January 11, 2021, Stout injured his shoulder while lifting a battery out of a drilling rig ("Injury").

19. Because of the Injury, Stout filed for Workers' Compensation.

20. The Bureau of Workers' Compensation approved Stout's claim for the Injury.

2



21. The Injury was a physical impairment.

22. Because of the Injury, Stout was significantly limited in one or more major life activities, including lifting, standing, and working.

23. Stout has a record of physical impairment.

24. Because of the Injury, Terracon perceived Stout as disabled.

25. Because of the Injury, Stout was disabled within the meaning of R.C. § 4112.01 *et seq.*

26. Because of the Injury, Stout requested leave to recover.

27. Stout's request for leave was a request for disability accommodation within the meaning of R.C. § 4112.01 *et seq.*

28. Terracon approved Stout for leave to recover from his Injury.

29. On or about April 29, 2022, Stout's doctor approved him to return to work without restrictions ("Approval to Return").

30. On or about April 29, 2022, Stout notified Terracon of the Approval to Return.

31. After the Approval to Return, Terracon waited for more than a month before returning him to work.

32. On or about June 7, 2022, Stout returned to work.

33. While Stout was out on leave, Terracon changed Stout's job title to group manager.

34. As group manager, Stout's job duties included running tests on solar panels.

35. As group manager, no employees reported to Stout.

36. As group manager, Stout performed manual labor.

37. As group manager, Stout had no authority to hire or fire employees.

38. As group manager, Stout was not exempt from overtime pay.

39. In June 2022, Stout worked more than 40 hours per week.



Case: 2:23-cv-00055-MHW-CMV Doc #: 1-1 Filed: 01/04/23 Page: 5 of 16 PAGEID #: 11
Franklin County Ohio Clerk of Courts of the Common Pleas- 2022 Dec 09 5:16 PM-22CV008607
0G189 - H44

40. In June 2022, Stout reported his hours to Terracon via timesheet.

41. In June 2022, Terracon did not pay Stout one and a half times his regular wage for hours worked beyond 40 hours per week.

42. In June 2022, Terracon paid Stout a flat hourly rate for the hours he worked.

43. On or about June 28, 2022, Terracon terminated Stout's employment ("Termination").

44. On or about June 28, 2022, Yogesh Rege told Stout about the Termination ("Termination Call").

45. Rege was office manager for Terracon.

46. In the Termination Call, Rege did not state a reason for the Termination.

47. Terracon has a progressive disciplinary policy ("Discipline Policy").

48. A verbal warning is the lowest level of discipline in the Discipline Policy.

49. Stout did not receive a verbal warning before the Termination.

50. A written warning is a higher level of discipline than a verbal warning in the Discipline Policy.

51. Stout did not receive a written warning before the Termination.

52. A termination is the highest level of discipline in the Discipline Policy.

53. Terracon knowingly skipped progressive disciplinary steps in terminating Stout's employment.

54. Terracon knowingly terminated Stout's employment.

55. Terracon knowingly took an adverse employment action against Stout.

56. Terracon knowingly took an adverse action against Stout.

57. Terracon intentionally skipped progressive disciplinary steps in terminating Stout's employment.

58. Terracon intentionally terminated Stout's employment.

59. Terracon intentionally took an adverse employment action against Stout.

4



60. Terracon intentionally took an adverse action against Stout.

61. Terracon knew that skipping progressive disciplinary steps in terminating Stout's employment would cause Stout harm, including economic harm.

62. Terracon knew that terminating Stout's employment would cause Stout harm, including economic harm.

63. Terracon willfully skipped progressive disciplinary steps in terminating Stout's employment.

64. Terracon willfully terminated Stout's employment.

65. Terracon willfully took an adverse employment action against Stout.

66. Terracon willfully took an adverse action against Stout.

67. On or about June 24, 2022, Terracon terminated Stout's employment because of his disability.

68. On or about June 24, 2022, Terracon terminated Stout's employment because of his perceived disability.

69. On or about June 24, 2022, Terracon terminated Stout's employment in retaliation for his requesting a disability accommodation.

70. On or about June 24, 2022, Terracon terminated Stout's employment in retaliation for his filing for Workers' Compensation.

71. As a direct and proximate result of Defendant's conduct, Stout suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

72. Stout restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

73. Terracon treated Stout differently than other similarly-situated employees based on his disabling condition.

5



Franklin County Ohio Clerk of Courts of the Common Pleas- 2022 Nov 04 4:16 PM-22CV003607
0G189 - H46
Case: 22-cv-00055-MHW-CMV Doc #: 1-1 Filed: 01/04/23 Page: 7 of 16 PAGEID #: 13

74. Terracon treated Stout differently than other similarly-situated employees based on his perceived disabling condition.

75. On or about June 24, 2022, Terracon terminated Stout's employment without just cause.

76. Terracon terminated Stout's employment based on his disability.

77. Terracon terminated Stout's employment based on his perceived disability.

78. Terracon violated R.C. § 4112.02 when it discharged Stout based on his disability.

79. Terracon violated R.C. § 4112.02 when it discharged Stout based on his perceived disability.

80. Terracon violated R.C. § 4112.02 by discriminating against Stout based on his disabling condition.

81. Terracon violated R.C. § 4112.02 by discriminating against Stout based on his perceived disabling condition.

82. As a direct and proximate result of Terracon's conduct, Stout suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

### COUNT II: RETALIATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

83. Stout restates each and every prior paragraph of this complaint, as if it were fully restated herein.

84. As a result of Stout's Injury, Stout requested leave for his disability.

85. Stout requested a disability accommodation.

86. Subsequent to Stout's requesting a disability accommodation, Terracon waited for over a month after the Approval to Return before bringing him back to work.

87. Subsequent to Stout's requesting a disability accommodation, Terracon terminated Stout's employment.

88. Terracon's actions were retaliatory in nature based on Stout's request for accommodation.



Franklin County Ohio Clerk of Courts of the Common Pleas- 2022 Dec 09 2:16 PM-22CV008607
0G189 - H47
Case: 2:23-cv-00055-MHW-CMV Doc #: 1-1 Filed: 01/04/23 Page: 8 of 16 PAGEID #: 14

89. Pursuant to R.C. § 4112.02(I), it is an unlawful discriminatory practice to retaliate against an employee for requesting a disability accommodation.

90. As a direct and proximate result of Terracon's conduct, Stout suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

### COUNT III: WORKERS' COMPENSATION RETALIATION

91. Stout restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

92. On or about June 24, 2022, Terracon terminated Stout's employment.

93. Terracon terminated Stout's employment in retaliation for Stout filing a claim for Workers' compensation benefits.

94. Within 90 days of the conduct described above, Terracon received a written notice of Stout's intent to pursue claims for Workers' Compensation retaliation under R.C. § 4123.90.

95. Stout was discharged without just cause for filing a claim for Workers' Compensation benefits; Stout is therefore entitled to recover damages from Terracon for its wrongful discharge of him in retaliation for filing a claim for Workers' Compensation benefits under R.C. § 4123.90.

96. As a direct and proximate result of Terracon's conduct, Stout has suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

### COUNT IV: VIOLATION OF THE OHIO MINIMUM FAIR WAGE STANDARDS ACT, R.C. § 4111.01 *et seq.*

97. Stout restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

98. The Ohio Minimum Fair Wage Standards Act ("OMFWSA") requires that covered employees be compensated for every hour worked in a workweek including payment of all earned overtime compensation. *See* R.C. §§ 4111.01 *et seq.*

7



99. Terracon violated OMFWSA with respect to Stout by failing to pay Stout overtime compensation for any hours he worked over 40 in a week.

100. Terracon willfully failed to pay Stout overtime compensation for any hours he worked over 40 in a week.

101. As a direct and proximate result of Terracon's unlawful conduct, Stout has suffered and will continue to suffer a loss of income and other damages.

102. Having violated OMFWSA, Terracon is liable to Stout pursuant to R.C. § 4111.10 for the full amount of his unpaid overtime and for costs and reasonable attorneys' fees.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff Stout respectfully requests that this Honorable Court grant the following relief:

(a) Issue a permanent injunction:

    (i) Requiring Terracon to abolish discrimination, harassment, and retaliation;

    (ii) Requiring allocation of significant funding and trained staff to implement all changes within two years;

    (iii) Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to investigate complaints promptly and/or take effective action to stop and deter prohibited personnel practices against employees;

    (iv) Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

8



(v) Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

(b) Issue an order requiring Terracon to restore Stout to one of the positions to which he was entitled by virtue of his application and qualifications, and expunge his personnel file of all negative documentation;

(c) An award against Defendant of compensatory and monetary damages to compensate Stout for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(d) An award of punitive damages against Defendant in an amount in excess of $25,000;

(e) An award of reasonable attorneys' fees and non-taxable costs for Stout claims as allowable under law;

(f) An award of the taxable costs of this action; and

(g) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/ Trisha Breedlove*

Trisha Breedlove (0095852)
Paul Filippelli (0097085)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
1103 Schrock Road, Suite 307
Columbus, Ohio 43229
Phone: (216) 291-4744
Fax: (216) 291-5744
Email: trisha.breedlove@spitzlawfirm.com
Email: paul.filippelli@spitzlawfirm.com
*Attorneys for Plaintiff Thomas Stout*

Franklin County Ohio Clerk of Courts of the Common Pleas- 2022 Dec 09 12:16 PM-22CV008607
0G189 - H50
Case: 2:23-cv-01055-MHW-CMV Doc #: 1-2 Filed: 03/15/23 Page: 11 of 16 PAGEID #: 17

## JURY DEMAND

Plaintiff Stout demands a trial by jury by the maximum number of jurors permitted.

/s/ *Trisha Breedlove*
Trisha Breedlove (0095852)
Paul Filippelli (0097085)

10



Franklin County Ohio Clerk of Courts of the Common Pleas- 2024 Dec 09 12:16 PM-24CV008607
0G189 - H51
Case: 2:25-cv-00155-MHW-CMV Doc #: 1-2 Filed: 02/12/25 Page: 12 of 16 PAGEID #: 18

EEOC Form 161-B (01/2022)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | | | |
|---|---|---|---|
| To: | Thomas Stout<br>570 Elmville Road<br>Peebles, OH 45660 | From: | Cleveland Field Office<br>1240 E 9th St, Suite 3001<br>Cleveland, OH 44199 |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 532-2022-03562 | Legal Unit | (267) 589-9707 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

> Less than 180 days have elapsed since the filing date. I certify that the Commission's processing of this charge will not be completed within 180 days from the filing date.
>
> The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA):* You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Digitally Signed By: Dilip Gokhale
09/28/2022

Enclosures(s)

**Dilip Gokhale**
**Director**

cc: Sarah Gilliland
Terracon
10841 S. Ridgeview Rd.
Olathe, KS 66061

Paul Filippelli
The Spitz Law Firm
1103 Schrock Road, Suite 307
Columbus, OH 43229

Enclosure with EEOC
Form 161-B (01/2022)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- Title VII, the ADA or GINA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

E3585 - E96

MARYELLEN O'SHAUGHNESSY
CLERK OF THE FRANKLIN COUNTY COMMON PLEAS COURT, COLUMBUS, OHIO 43215
CIVIL DIVISION

THOMAS STOUT
570 ELMVILLE ROAD
PEEBLES, OH 45660,

PLAINTIFF,
VS.
TERRACON CONSULTANTS INC
800 MORRISON ROAD
COLUMBUS, OH 43230,

DEFENDANT.

22CV-12-8607
CASE NUMBER



FILED
COMMON PLEAS COURT
FRANKLIN CO. OHIO
2022 DEC 13 PM 4:0
CLERK OF COURTS

**** SUMMONS **** 12/09/22

TO THE FOLLOWING NAMED DEFENDANT:
TERRACON CONSULTANTS INC
800 MORRISON ROAD
COLUMBUS, OH 43230

YOU HAVE BEEN NAMED DEFENDANT IN A COMPLAINT FILED IN FRANKLIN COUNTY
COURT OF COMMON PLEAS, FRANKLIN COUNTY HALL OF JUSTICE, COLUMBUS, OHIO,
BY: THOMAS STOUT
570 ELMVILLE ROAD
PEEBLES, OH 45660,

PLAINTIFF(S).

A COPY OF THE COMPLAINT IS ATTACHED HERETO. THE NAME AND ADDRESS OF
THE PLAINTIFF'S ATTORNEY IS:
TRISHA M. BREEDLOVE
THE SPITZ LAW FIRM
SUITE 307
1103 SCHOCK RD
COLUMBUS, OH 43229

YOU ARE HEREBY SUMMONED AND REQUIRED TO SERVE UPON THE PLAINTIFF'S
ATTORNEY, OR UPON THE PLAINTIFF, IF HE HAS NO ATTORNEY OF RECORD, A COPY
OF AN ANSWER TO THE COMPLAINT WITHIN TWENTY-EIGHT DAYS AFTER THE SERVICE
OF THIS SUMMONS ON YOU, EXCLUSIVE OF THE DAY OF SERVICE. YOUR ANSWER
MUST BE FILED WITH THE COURT WITHIN THREE DAYS AFTER THE SERVICE OF A
COPY OF THE ANSWER ON THE PLAINTIFF'S ATTORNEY.

IF YOU FAIL TO APPEAR AND DEFEND, JUDGMENT BY DEFAULT WILL BE RENDERED
AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

MARYELLEN O'SHAUGHNESSY
CLERK OF THE COMMON PLEAS
FRANKLIN COUNTY, OHIO

BY: JANIE STANLEY, DEPUTY CLERK

(CIV370-S03)

**UNITED STATES POSTAL SERVICE.**

E359

Date Produced: 12/19/2022

COC:

The following is the delivery information for Certified Mail™/RRE item number 9214 8901 1952 2807 8201 27. Our records indicate that this item was delivered on 12/15/2022 at 10:40 a.m. in COLUMBUS, OH 43221. The scanned image of the recipient information is provided below.

Signature of Recipient : 

Address of Recipient : 

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

FILED
COMMON PLEAS COURT
FRANKLIN CO., OHIO
2022 DEC 21 AM 10: 10
CLERK OF COURTS

Customer Reference Number:     4322122CV08607STOUT

**UNITED STATES POSTAL SERVICE.**

E3591

Date Produced: 12/19/2022

COC:

The following is the delivery information for Certified Mail™/RRE item number 9214 8901 1952 2807 8201 34. Our records indicate that this item was delivered on 12/15/2022 at 11:53 a.m. in COLUMBUS, OH 43230. The scanned image of the recipient information is provided below.

Signature of Recipient: *[signature]*

Address of Recipient: *[handwritten address]*

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

*[Stamp: FILED COMMON PLEAS COURT, FRANKLIN CO., OHIO, 2022 DEC 21 AM 10:10, CLERK OF COURTS]*

Customer Reference Number: 4323022CV08607STOUT